UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHELLE MAINA,

               Plaintiff,

-against-

SOMERSET COUNTY JAIL, ET AL.,

               Defendants.

23-CV-10783 (LTS)

PARTIAL TRANSFER ORDER AND ORDER
TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently detained at the Rose M. Singer Center on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated her federal constitutional rights. She names various Defendants that appear to be located or employed in Somerset County, New Jersey, and on Rikers Island in New York. By order dated January 24, 2024, the Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP").[1] For the reasons set forth below, the Court severs Plaintiff's claims arising in New Jersey against defendants located in New Jersey, transfers the severed claims to the United States District Court for the District of New Jersey, and grants Plaintiff 60 days' leave to file an amended complaint with respect to her claims arising in the Southern District of New York.

**STANDARD OF REVIEW**

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

---

[1] Plaintiff submitted the complaint without an IFP application and prisoner authorization. By order dated December 19, 2023, the Court directed Plaintiff to pay the filing fees or submit an IFP application and prisoner authorization. (ECF 2.) The Court received Plaintiff's IFP application and prisoner authorization on January 18, 2024.

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff alleges that the events giving rise to her claims occurred in Bridgewater, Somerset County, New Jersey, and at the Somerset County Jail ("SCJ") from 2018 to the present. The Defendants listed by Plaintiff can be grouped into three categories: (1) defendants located or employed in New Jersey; (2) defendants located or employed in the Southern District of New York; and (3) defendants for whom Plaintiff does not provide sufficient information for the court to identify their location or the agency by which they are employed. The following Defendants are located or employed in New Jersey (the "New Jersey Defendants"): Somerset County Jail; Bridgewater, New Jersey Police Department; "CFG (medical @ SCJ)"; Somerset County Courthouse; "[s]everal Correction Officers from SCJ"; "[s]everal nurses from CFG (all)"; and "[s]everal officers from Bridgewater Police Department." (ECF 1, at 1, 7.) Defendants "Rikers

Island Medical & Mental Hea[l]th" and "[s]everal officers at Riker's Island" are located or employed in New York. Plaintiff does not identify the location, employer, or roles of Defendants Sgt. Anthony, Brian Pauli, Sgt. Lai, Officer Kochinski, and "[f]ormer [p]aid lawyer John Hooper." (*Id.* at 7.)

The complaint asserts claims arising from Plaintiff's interactions with police officers in Somerset County, her confinement in the SCJ, and what appear to be her ongoing criminal proceedings in Somerset County. Although Plaintiff names defendants associated with Rikers Island, she does not appear to allege facts about any events occurring at a facility on Rikers Island.

## DISCUSSION

### A.    Severance of claims arising outside this District

Rules 18 and 20 of the Federal Rules of Civil Procedure govern the joinder of claims and parties, respectively. Rule 18 permits a plaintiff to join as many claims as she has against a particular defendant. *See* Fed. R. Civ. P. 18(a). By contrast, under Rule 20, a plaintiff may not pursue unrelated claims against multiple defendants. *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009).

Rule 20(a)(2) permits a plaintiff to join multiple defendants in one action if: (1) a right to relief is asserted against all of the defendants, or the claims arise out of the same transaction, occurrence, or series of transactions, and (2) questions of law or fact are common to all defendants. *See id.* Although courts have interpreted Rule 20(a) liberally to allow related claims to be tried within a single proceeding, *Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1126-27 (2d Cir. 1970), "the mere allegation that Plaintiff was injured by all Defendants is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)," *Deskovic*, 673 F. Supp. 2d at 167.

3

Rule 21 of the Federal Rules of Civil Procedure provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. In determining whether to sever a claim, courts consider "the two requirements of Rule 20 and additional factors, including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (relying on *Laureano v. Goord*, No. 06-CV-7845 (SHS) (RLE), 2007 WL 2826649, at *8 (S.D.N.Y. Aug. 31, 2007)). Put simply, courts "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Kalie v. Bank of Am. Corp.*, No. 12-CV-9192 (PAE), 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979)).

Where a plaintiff is incarcerated and asserts claims arising at two different correctional facilities, courts often disallow joinder when the defendants from the first facility are not involved in any conduct at the second facility. *See, e.g.*, *Smith v. Goord*, No. 04-CV-6432 (CJS), 2006 WL 2850597, at *3 (W.D.N.Y. Sep. 22, 2006) (disallowing joinder of claims against defendants at different correctional facilities where there was no suggestion that original defendants were involved in the actions taken against plaintiff in a different facility more than one year later), *report and recommendation adopted*, 2007 WL 496371 (W.D.N.Y. Feb. 12, 2007); *Webb v. Maldanado*, No. 13-CV-144 (RNC), 2013 WL 3243135, at *3 (D. Conn. June 26, 2013) (stating that "[u]nrelated claims against different defendants belong in different suits . . . to

prevent the sort of morass" created by a complaint with more than twenty defendants and countless unrelated claims (citation and internal quotation marks omitted)).

Plaintiff appears to be attempting to assert two sets of claims that are not logically connected. First, Plaintiff alleges that the New Jersey Defendants violated her rights during her arrest, detention, and criminal proceedings in Somerset County, New Jersey. Second, because she names Rikers Island officials as Defendants, the Court understands her to also be attempting to assert claims arising at a facility on Rikers Island. To the extent Plaintiff asserts claims arising at Somerset County Jail and Rikers Island, the alleged violations did not arise from the same set of events or involve the same individual defendants. Severance of these two sets of claims is therefore appropriate, and the Court severs the claims.[2]

## B.     Claims arising in New Jersey

When a court orders the severance of claims, it creates two or more separate "actions," and the court may transfer one separate action while retaining jurisdiction of another. *Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968).

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[2] The complaint is unclear as to the basis of Plaintiff's claims against Anthony, Pauli, Lai, Kochinski, and Hooper, and as to the location and employment of these defendants. For the purposes of this order, the Court treats Plaintiff's claims against these defendants as belonging with the claims against the Rikers Island Defendants, subject to the discussion below regarding venue and the need for Plaintiff to file an amended complaint regarding claims arising in this District.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

The Court understands Plaintiff's claims against the New Jersey Defendants as arising in New Jersey. Although Plaintiff does not provide residential addresses for any of the Defendants, the Court understands that the New Jersey Defendants are entities deemed to reside in New Jersey or individuals employed by New Jersey state agencies and who likely reside there as well. Venue for these claims therefore appears improper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims against the New Jersey Defendants arose in Somerset County, New Jersey, which is in the District of New Jersey. *See* 28 U.S.C. § 110. Accordingly, venue for these claims lies in the District of New Jersey, 28 U.S.C. § 1391(b)(2). In the interest of justice, the Court transfers Plaintiff's claims against the New Jersey Defendants, which arose in the State of New Jersey, to the United States District Court for the District of New Jersey.[3] *See* 28 U.S.C. § 1406(a).

---

[3] Because it is unclear from the complaint whether Defendants Anthony, Pauli, Lai, Kochinski, and Hooper reside or are employed in New Jersey, or whether Plaintiff's claims against them arose in New Jersey, the Court declines to transfer Plaintiff's claims against these defendants. If venue for Plaintiff's claims against these defendants is proper in the District of New Jersey, nothing in this order prevents Plaintiff from amending her complaint in the District of New Jersey to add these defendants, so long as such amended complaint complies with Rule 15 of the Federal Rule of Civil Procedure.

**C.**    **Order to amend claims arising in the Southern District of New York**

Plaintiff brings claims against "Rikers Island Medical & Mental Hea[l]th" and "[s]everal officers at Riker's Island," but it is unclear what, if any, events described in the complaint occurred on Rikers Island or in the Southern District of New York. Plaintiff clearly alleges facts about events that occurred at the Somerset County Jail. (*See* ECF 1, at 4-5.) Elsewhere in the complaint, she describes conditions of confinement in a facility, but, because of the structure of her complaint, it is unclear where those events occurred. (*See id.* at 8-10.) At no point in the complaint does Plaintiff state that a defendant associated with Rikers Island or the New York City Department of Correction committed any act or omission that violated her rights.

1.    Rule 8

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff's complaint does not comply with Rule 8 because it does not include sufficient factual detail to suggest that the Rikers Island Defendants violated Plaintiff's rights under federal law. While she names defendants associated with Rikers Island, she alleges no facts connecting those defendants with any alleged violation of her rights. As a result, the Court cannot draw an inference that any of the defendants may be liable for misconduct, as required under Rule 8. The

7

Court therefore grants Plaintiff leave to file an amended complaint alleging facts to suggest a federal claim arising at Rikers Island or elsewhere in the Southern District of New York. Plaintiff's amended complaint should allege only facts giving rise to claims that occurred within this District.[4] If Plaintiff believes that Defendants Anthony, Pauli, Lai, Kochinski, and Hooper have violated her rights in connection with events occurring in this District, she may assert those claims in her amended complaint.

    2.      Claims against "Rikers Island Medical & Mental Health"

Because Plaintiff appears to allege that her federal constitutional rights have been violated by state officials, the Court understands her to be asserting under 42 U.S.C. § 1983. Plaintiff may not assert claims under Section 1983 against Rikers Island or its "Medical & Mental Health" staff. Section 1983 provides that an action may be maintained against a "person" who has deprived another of rights under the "Constitution and Laws." 42 U.S.C. § 1983. Neither Rikers Island nor its "Medical & Mental Health" department is a "person" within the meaning of Section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (state is not a "person" for the purpose of Section 1983 claims); *Zuckerman v. App. Div., Second Dep't S. Ct.*, 421 F.2d 625, 626 (2d Cir. 1970) (court not a "person" within the meaning of Section 1983); *DeJesus v. Squad*, No. 19-CV-6497 (CM), 2019 WL 3958404, at *2 (S.D.N.Y. Aug. 21, 2019) (holding "42nd Precinct Detective Squad" not a "person" under Section 1983); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420 (SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of Section 1983). If Plaintiff files an amended complaint regarding events occurring at a facility on Rikers Island, she

---

[4] This District – the Southern District of New York – includes the following New York counties: New York, Bronx, Westchester, Putnam, Dutchess, Orange, Rockland, and Sullivan. *See* 28 U.S.C. § 112(b).

should name as defendants those individual Rikers Island or Department of Correction officials whom she alleges violated her rights.[5]

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Section 1983 claim, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.

Plaintiff is granted leave to amend her complaint to provide more facts about her claims arising at a facility on Rikers Island or in this District. Plaintiff must name as the defendant(s) in the caption[6] and in the statement of claim those individuals who were allegedly involved in the deprivation of her federal rights. If Plaintiff does not know the name of a defendant, she may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the

---

[5] Plaintiff may also name the City of New York as a defendant if she alleges facts suggesting that the City of New York has a policy, practice, or custom that caused a violation of her constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997).

[6] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, she should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

amended complaint.[7] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending her complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, she must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

---

[7] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2023, at the Rose M. Singer Center, during the 7-3 p.m. shift."

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to transfer the claims brought against the New Jersey Defendants to the United States District Court for the District of New Jersey. The Clerk of Court is also directed to terminate from this action Defendants Somerset County Jail; Bridgewater, New Jersey Police Department; "CFG (medical @ SCJ)"; Somerset County Courthouse; "[s]everal Correction Officers from SCJ"; "[s]everal nurses from CFG (all)"; and "[s]everal officers from Bridgewater Police Department," without prejudice to the litigation of Plaintiff's claims against these defendants in the District of New Jersey.

Plaintiff is granted leave to file an amended complaint asserting claims arising in the Southern District of New York that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-10783 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted and the Court will decline, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction of any state law claims she may be asserting.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.

*See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   February 5, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**-against-**

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**AMENDED COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  ☐ Yes    ☐ No
(check one)

___ Civ. _____ (   )

## I.    Parties in this complaint:

A.    List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's    Name_____
ID#_____
Current Institution_____
Address_____
_____

B.    List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant  No. 1    Name _____ Shield #_____
Where Currently Employed _____
Address _____
_____

Defendant  No. 2          Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


Defendant  No. 3          Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

<div style="border:1px solid black; display:inline-block; padding:4px; font-weight:bold;">Who did what?</div>

Defendant  No. 4          Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


Defendant  No. 5          Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


## II.      Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.


A.      In what institution did the events giving rise to your claim(s) occur?

_____

_____


B.      Where in the institution did the events giving rise to your claim(s) occur?

_____


C.      What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____


D.      Facts:_____

<div style="border:1px solid black; display:inline-block; padding:4px; font-weight:bold;">What happened to you?</div>

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____

**Who else saw what happened?**

### III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____

### IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.     Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

      Yes _____     No _____     Do Not Know _____

C.     Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

      Yes _____     No _____     Do Not Know _____

      If YES, which claim(s)?
      _____

D.     Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

      Yes _____     No _____

      If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

      Yes _____     No _____

E.     If you did file a grievance, about the events described in this complaint, where did you file the grievance?
      _____

      1.     Which claim(s) in this complaint did you grieve?
      _____

      2.     What was the result, if any?
      _____

      3.     What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
      _____
      _____
      _____
      _____

F.     If you did not file a grievance:

      1.     If there are any reasons why you did not file a grievance, state them here:
      _____
      _____
      _____

*Rev. 01/2010*                                       4

_____
_____
_____

      2.      If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.      Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

<u>Note</u>:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

*Rev. 01/2010*               5

_____

_____

_____

**VI.    Previous lawsuits:**

<div style="border:1px solid black; display:inline-block">On these claims</div>

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____    No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

    1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

    2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

    5.    Approximate date of filing lawsuit _____

    6.    Is the case still pending?  Yes _____   No _____

      If NO, give the approximate date of disposition_____

    7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____

_____

<div style="border:1px solid black; display:inline-block">On other claims</div>

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____    No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

    1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

    2.    Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

    5.    Approximate date of filing lawsuit _____

*Rev. 01/2010*                                6

6.      Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff    _____

Inmate Number    _____

Institution Address    _____

_____

_____

_____


<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.


I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:    _____