UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHELLE MAINA,

*Plaintiff,*

– against –

RIKERS ISLAND ROSE M. SINGER
CENTER, NYC HEALTH HOSPITALS AT
RIKERS ISLAND, NYC HEALTH
HOSPITALS AT WOODHULL, and
ONE BROOKLYN HEALTH INTERFAITH
HOSPITAL,

*Defendants.*

**MEMORANDUM & ORDER**
24-cv-6956 (NCM) (TAM)

**NATASHA C. MERLE**, United States District Judge:

*Pro se* plaintiff Michelle Maina brings this action, alleging, among other things, violations of her constitutional rights by four institutional defendants. For the reasons stated below, plaintiff is directed to file a second amended complaint within 30 days of the date of this Order.

## BACKGROUND

Plaintiff brought action in the United States District Court for the Southern District of New York on December 11, 2023. ECF No. 1. The Southern District granted plaintiff's request to proceed *in forma pauperis* ("IFP"), ECF No. 6, severed and transferred some of plaintiff's claims to the United States District Court for the District of New Jersey, and gave plaintiff leave to file an amended complaint for claims arising in the Southern District. ECF No. 7. Plaintiff filed an Amended Complaint ("AC") on August 3, 2024, ECF No. 18, raising claims that appear to arise in the Eastern District of New York instead, and thus the Southern District transferred the action to this Court. ECF No. 20.

In the AC, plaintiff checks the box to assert federal question jurisdiction and alleges violations of her First, Fourth, and Eighth Amendment rights, along with "Medical Malpractice" and "False Imprisonment." AC 2. All defendants named by plaintiff are institutions, no individual defendants are named. Plaintiff states that the challenged conduct occurred at Rikers Island, Woodhull Hospital, and Interfaith Hospital in various months between October 2022 and May 2024. AC 5. However, she does not identify which conduct occurred in which institutional facility or which institutional defendant she alleges is liable for which conduct.

Plaintiff alleges a range of conduct, including being "wrongfully taken to the hospital after being a domestic violence victim [and] . . . wrongfully stripped and restrain[ed]," "being wrongfully held in a Mental Health Unit while falsely imprisoned," and eventually "denied rights of other prisoners." AC 5–6.

Plaintiff does not state whether she seeks monetary or injunctive relief, and instead requests "relief from false imprisonment, medical malpractice[,] dyskensia [sic], sexual assault, defamation of character[,] Insurance Fraud, negligence, time and pain, greif [sic], [and] trauma." AC 6.

## STANDARD OF REVIEW

Courts afford special consideration to pleadings filed by *pro se* litigants and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a pro se complaint liberally"). In giving *pro se* litigants special consideration, the Court must look for the strongest arguments

suggested by the complaint. *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022) (internal citation omitted). If a liberal reading of a *pro se* complaint "gives any indication that a valid claim might be stated," then it should not be dismissed without the Court granting leave to amend at least once. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (internal citations omitted).

However, *pro se* plaintiffs are still required to satisfy Federal Rule of Civil Procedure 8, which requires pleadings to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). It is not enough to say that the defendant harmed the plaintiff; the claim must include factual details that, if they are true, would show that the defendant broke the law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition to stating claims and relief sought, a plaintiff must demonstrate that a court has federal subject-matter jurisdiction. There are two types of federal subject matter jurisdiction: federal question jurisdiction, which requires a claim based on a federal law, *see* 28 U.S.C. § 1331, and diversity jurisdiction, which requires a lawsuit with a value greater than $75,000 and in which no defendant lives in the same state as the plaintiff, *see* 28 U.S.C. § 1332. If the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

A claim for violations of constitutional rights may be brought in federal court pursuant to a federal statute, 42 U.S.C. § 1983. Section 1983 requires that a plaintiff show that the harm was "committed by a person acting under color of state law," and that the

action "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not typically apply to claims against private individuals or private organizations. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (holding that "the under-color-of-state- law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful") (internal quotation marks and citations omitted). However, there are limited exceptions, such as where the private entity is engaged in a public function or performs conduct that is "fairly attributable to the state." *Holyoke v. Mohawk Valley Health Sys.*, No. 22-2771, 2023 WL 6342807, at *1 (2d Cir. Sept. 29, 2023) (quoting *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014)). A private entity does not become a state actor merely by performing under a state contract or where it is subject to state regulation. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982) ("Acts of such private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts."); *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 350 (1974) ("The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State."). A private hospital is generally not considered a state actor, even if it is licensed and regulated by the state. *White v. St. Joseph's Hosp.,* 369 Fed. App'x 225, 226 (2d Cir. 2010) (noting "private actors and institutions," including hospitals, "are generally not proper § 1983 defendants because they do not act under color of state law").

   Plaintiff's amended complaint names a New York City jail and public and private hospitals as defendants. AC 1. Although plaintiff makes several allegations, it is not clear

when and where the alleged violations of plaintiff's constitutional rights occurred or where any other of plaintiff's claims arose, nor is it clear who plaintiff seeks to hold responsible for these alleged violations.

Accordingly, and in light of plaintiff's *pro se* status, plaintiff is granted leave to file a second amended complaint that meets the requirements of Rule 8 of the Federal Rules of Civil Procedure. She must identify when and where each claim arose, describe what happened to her in violation of her constitutional rights, and identify individuals who were acting under color of state law. Even if she does not know the name of each individual, she may identify them anonymously, such as "John Doe Nurse #1" or "Jane Doe Officer #2," and include a description of the individuals and their specific conduct. Plaintiff is reminded that an amended complaint completely replaces the prior submission, so the second amended complaint must include all claims and allegations she seeks to pursue against defendants. The second amended complaint should be captioned "Second Amended Complaint" and indicate "Case No. 24-cv-6956."

## CONCLUSION

For the reasons stated above, plaintiff is directed to file a second amended complaint as described in this Order. All further proceedings shall be stayed for 30 days. If plaintiff does not file a second amended complaint within 30 days, then the case may be dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to plaintiff

and to note the mailing on the docket.

Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729 to make an appointment for free, confidential, limited-scope legal assistance at the Brooklyn Federal Courthouse.

**SO ORDERED.**

_____/s/ Natasha C. Merle____
NATASHA C. MERLE
United States District Judge


Dated:      December 16, 2024
            Brooklyn, New York